UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICHARD VILLANUEVA,**<br>**A# 213 425 573,** | § § § § § § | |
| **Petitioner,** | § § § | **NO. SA-26-CV-01529-JKP** |
| **v.** | § § § | |
| **ICE, ET AL.,** | § § | |
| **Respondents.** | § § | |

**SHOW CAUSE ORDER**

Before the Court is a purported 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed *pro se* Petitioner Richard Villanueva, an immigration detainee. (ECF No. 1). Upon review, the Court's finds the Petition deficient. Accordingly, Villanueva is ordered to show cause why the Petition should not be dismissed by filing an amended petition resolving the deficiencies described below.

The Petition filed by Villanueva is devoid of substance other than the following:

**Grounds for Your Challenge in This Petition**

State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: I Am being detained while I have A Petition for VAWA pending. I still have Not recieved an answer for that Petition.

**Request for Relief**

15. State exactly what you want the court to do: I would like to be released from detention, while I wait for Vawa Approval.

(*Id.*). The Petition contains no viable grounds for habeas relief and no factual information. The Petition lacks any information regarding: (1) Villanueva's initial entry into the United States, including the date and circumstances of entry; (2) his subsequent detention by immigration

authorities, including the date and the circumstances of the detention; or (3) information concerning the status of past or continuing immigration proceedings or orders that have been rendered. (*Id.*). Moreover, the Petition is undated. (*Id.*).

As the petitioner, Villanueva bears the burden of proving he is "in custody in violation of the Constitution or law or treaties of the United. States." *Villanueva v. Tate*, 801 F. Supp.3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). Villanueva has not carried his burden, failing to include grounds alleging or showing he is in custody in violation of the Constitution or federal law. (Dkt. No. 1). Accordingly, the Court finds the Petition deficient. Villanueva must file an amended petition stating grounds for relief showing he is in custody in violation of the Constitution or federal law. The stated grounds must be supported by sufficient underlying facts, including the date Villanueva entered the United States, the circumstances of his entry, and the date and circumstances of his detention or re–detention. Any amended petition must also be signed and dated. The Clerk of Court will provide Villanueva with a § 2241 form along with this Order.

**IT IS THEREFORE ORDERED** that **on or before April 13, 2026,** Villanueva must show cause why his Petition should not be dismissed by filing an amended petition correcting the deficiencies pointed out in this Show Cause Order.

**If Villanueva fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* **FED. R. CIV. P. 41(b).**

The Clerk of Court is directed to provide Villanueva with a § 2241 immigration habeas form.

It is so **ORDERED**.

SIGNED this 13th day of March, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE